IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-HC-2005-D

| | | |
|---|---|---|
| ANGELO APPLEWHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LARRY DAIL, | ) | |
| | ) | |
| Respondent. | ) | |

On January 6, 2017, Angelo Applewhite ("Applewhite"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. On April 19, 2018, the court conducted its initial review and allowed the action to proceed [D.E. 12]. On May 14, 2018, respondent answered the petition [D.E. 16] and moved for summary judgment [D.E. 17]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Applewhite about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 21]. Applewhite responded in opposition [D.E. 22]. As explained below, the court grants respondent's motion for summary judgment.

I.

On January 10, 2005, Applewhite pleaded guilty in Wayne County Superior Court to first-degree rape of a child in violation of N.C. Gen. Stat. § 14-27.2(a)(1). See Resp't Ex. 1 [D.E. 19-1] (plea transcript). The sentencing court found that Applewhite had a prior record level II and sentenced him to a term of imprisonment of 288–355 months. See Resp't Ex. 2 [D.E. 19-2] (judgment and commitment form). Applewhite did not appeal.

On June 10, 2016, Applewhite filed a pro se motion for appropriate relief ("MAR") in Wayne County Superior Court. See [D.E. 19] 1; Resp't Ex. 3 [D.E. 19-3]. On August 3, 2016, the court summarily denied the MAR because Applewhite failed to include affidavits in support as required by N.C. Gen. Stat. § 15A-1420. See Resp't Ex. 4 [D.E. 19-4]. On August 25, 2016, Applewhite filed a pro se certiorari petition in the North Carolina Court of Appeals. See Resp't Ex. 5 [D.E. 19-5]. On September 13, 2016, the North Carolina Court of Appeals denied the petition. See Resp't Ex. 7 [D.E. 19-7]. On October 4, 2016, Applewhite filed a pro se petition for discretionary review in the Supreme Court of North Carolina. See Resp't Ex. 8 [D.E. 19-8]. On December 8, 2016, the Supreme Court of North Carolina dismissed the petition. See Resp't Ex. 9 [D.E. 19-9]. On January 6, 2017, Applewhite filed a section 2254 petition in this court. See Pet. [D.E. 1].

Applewhite makes four claims: (1) the sentencing court relied upon an incorrect sentencing chart, (2) the sentencing court improperly determined Applewhite's prior record level by considering a non-felony conviction, (3) the sentencing court enhanced Applewhite's sentence beyond the presumptive range without a jury finding required for an aggravated-range sentence, and (4) another Wayne County defendant convicted of the same crime received a more favorable sentence than Applewhite despite that defendant's higher prior record level. See Pet. [D.E. 1].

II.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at

248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 378 (2007).

Respondent argues that Applewhite's petition is untimely. See [D.E. 20] at 8–15. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires an individual in custody pursuant to the judgment of a state court to file any application for a writ of habeas corpus within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period under section 2244(d)(1) is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Because Applewhite did not appeal his conviction to the North Carolina Court of Appeals, judgment became final when the fourteen-day time period to serve notice of appeal expired on

3

January 25, 2005. See N.C. R. App. P. 4(a)(2); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). The statutory period then began to run on that date, and it ran uninterrupted for 365 days until it expired on January 25, 2006. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Applewhite's June 2016 MAR did not reopen his time for filing a habeas petition. See id.

To the extent that Applewhite contends that the AEDPA limitation period instead should run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court," 28 U.S.C. § 2244(d)(1)(C), Applewhite seeks to rely on Blakely v. Washington, 542 U.S. 296 (2004). The United States Supreme Court decided Blakely before Applewhite's conviction and sentence. Thus, section 2244(d)(1)(C) provides no relief.

To the extent that Applewhite contends that the AEDPA limitation period should run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), the factual predicate for the first three claims could have been known at Applewhite's sentencing. The fourth claim's factual predicate could have been known on October 5, 2005, the date Larry Donnell Jones ("Jones") was resentenced in Wayne County Superior Court. See Jones v. North Carolina, No. 5:08-HC-2078-H, 2010 WL 11614158, at *1 (E.D.N.C. Jan. 6, 2010) (unpublished). Thus, absent equitable tolling, the petition is untimely.

AEDPA's one-year limitation period is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645–49 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to

4

enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotation omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Applewhite has not explained why he could not file his MAR within the year following either his conviction or the 2005 resentencing of Jones. The record does not reflect circumstances that prevented Applewhite from timely filing. To the extent that Applewhite alleges unfamiliarity with the legal process or lack of representation, these are not grounds for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases). Thus, because Applewhite has not made the requisite showing, equitable tolling does not apply, the petition is untimely, and respondent is entitled to summary judgment.

Alternatively, Applewhite's arguments fail on the merits. First, Applewhite contends that the sentencing court used an incorrect sentencing chart. On the offense date of September 1, 1998, first-degree rape of a child was a Class B1 felony. See Resp't Ex. 1 [D.E. 19-1]; Resp't Ex. 2 [D.E. 19-2]; N.C. Gen. Stat. § 14-27.2(a)(1), (b) (1995). At sentencing, the court assigned Applewhite two prior record level points. See Resp't Ex. 2 [D.E. 19-2]. The structured sentencing grid in effect for offenses committed between December 1, 1995, and December 1, 2009, provided that an offender with at least one prior record level point was deemed a prior record level II offender. See N.C. Gen. Stat. § 15A-1340.14(c) (1995). When sentenced in the "presumptive range" for a Class B1 offense, a record level II offender would receive a sentence with a minimum duration of between 230 months and 288 months' imprisonment. See N.C. Gen. Stat. § 15A-1340.17(c) (1995); [D.E. 19-10]. The statute explicitly notes that "any minimum term of imprisonment in [the presumptive] range is

5

permitted unless the court finds . . . that an aggravated or mitigated sentence is appropriate." Id. § 15A-1340.17(c)(2).

Pursuant to his Class B1 felony conviction, Applewhite was sentenced to a minimum of 288 months' imprisonment—the top of the presumptive range—and a maximum of 355 months' imprisonment. See Resp't Ex. 2 [D.E. 19-2]. The applicable structured sentencing grid confirms that this was the correct maximum term. See N.C. Gen. Stat. § 15A-1340.17(e) (1995). Thus, the sentencing court applied the correct sentencing chart, and Applewhite's argument fails.

To the extent that Applewhite seeks to apply the 2009 structured sentencing grid amendments to his case, the structured sentencing amendments of 2009 apply only to offenses committed on or after December 1, 2009. See State v. Lee, 228 N.C. App. 324, 327, 745 S.E.2d 73, 75 (2013). Applewhite committed the offense on September 1, 1998. "Trial courts are required to enter criminal judgments in compliance with the sentencing provisions in effect at the time of the offense." State v. Whitehead, 365 N.C. 444, 447, 722 S.E.2d 492, 495 (2012). Thus, the court rejects this argument.

Second, Applewhite contends that the sentencing court erred by considering a misdemeanor conviction when determining his prior offense level for felony sentencing. See Pet. [D.E. 1] 6. Applewhite admits that his 1998 conviction was a Class 1 misdemeanor pursuant to N.C. Gen. Stat. § 90-108(b). See Pet'r's Resp. [D.E. 22] 4–5; [D.E. 22-1] 5–8. Each non-traffic Class 1 misdemeanor conviction, such as the conviction in question, contributes one point to a defendant's prior record level for felony sentencing. See N.C. Gen. Stat. § 15A-1340.14(b)(5). Thus, the sentencing court properly considered this conviction.

Next, Applewhite contends that his sentence exceeds the presumptive range for his criminal history and offense level. In Blakely, 542 U.S. at 303–04, the United States Supreme Court held

6

that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum for the crime must be submitted to the jury and proved beyond a reasonable doubt or be admitted by the defendant. North Carolina's statutory framework allows the sentencing court to determine whether to sentence a defendant to a term of imprisonment within the mitigated, presumptive, or aggravated range. See N.C. Gen. Stat. § 15A-1340.13(c), (e). To deviate from the presumptive range, the sentencing court must make written findings of aggravation or mitigation and weigh various factors to determine the defendant's sentence. See N.C. Gen. Stat. § 15A-1340.16(b), (c); State v. Bright, 135 N.C. App. 381, 382, 520 S.E.2d 138, 139 (1999).

Applewhite's minimum sentence of 288 months' incarceration was equal to both the top of the presumptive range and the bottom of the aggravated range. See N.C. Gen. Stat. § 15A-1340.17(c) (1995). When a minimum sentence falls in an overlapping area between the presumptive range and the aggravated range, the sentence still remains within the presumptive range. See, e.g., State v. Twitty, 212 N.C. App. 100, 111, 710 S.E.2d 421, 430 (2011); State v. Daniels, 203 N.C. App. 350, 355, 691 S.E.2d 78, 81 (2010); State v. Allah, 168 N.C. App. 190, 197–98, 607 S.E.2d 311, 316–17 (2005); State v. Ramirez, 156 N.C. App. 249, 259, 576 S.E.2d 714, 721 (2003). No "clearly established federal law" requires "aggravating factors be found where a sentence falls within both the presumptive and aggravated ranges." Seymore v. Hall, No. 5:10-HC-2169-FL, 2011 WL 677287, at *3 (E.D.N.C. Feb. 15, 2011) (unpublished), appeal dismissed, 448 F. App'x 331 (4th Cir. 2011) (per curiam) (unpublished). Thus, although Applewhite's sentence overlapped with the aggravated range, Blakely does not require an aggravation finding. Accordingly, the court rejects Applewhite's third argument.

Finally, Applewhite argues that his sentence is disproportionate to the sentence received by Jones. "Constitutional sentencing law does not address the difference between the sentences of two

7

persons convicted of the same particular crime, but rather the proportion between the sentence and the type of crime committed." Beachem v. Williams, 351 F. Supp. 2d 793, 820 (N.D. Ill. 2004) (citing Solem v. Helm, 463 U.S. 277, 303 (1983)). Moreover, Applewhite's case is distinguishable from Jones's case. The court sentenced Jones to 480 to 585 months' imprisonment for first-degree rape of a child. See State v. Jones, 172 N.C. App. 308, 316, 616 S.E.2d 15, 20–21 (2005). After finding that Jones's sentence exceeded the statutory maximum based on an aggravating factor not submitted to the jury or admitted by Jones, the North Carolina Court of Appeals remanded for resentencing. See id. On remand, the court resentenced Jones to 335 to 411 months' imprisonment. See State v. Jones, 183 N.C. App. 157, 643 S.E.2d 679, at *1 (May 1, 2007) (unpublished table decision). By contrast, Applewhite's sentence fell within the presumptive range. Thus, Applewhite's fourth claim fails.

## III.

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 17] and DISMISSES the petition for a writ of habeas corpus [D.E. 1]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 478, 483–85 (2000). The clerk shall close the case.

SO ORDERED. This 4 day of January 2019.

JAMES C. DEVER III
United States District Judge

8